UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

KEITH A. EVANS

VERSUS

EAST BATON ROUGE PARISH
SCHOOL BOARD

CIVIL ACTION NO.

19-542-SDD-RLB

### RULING

Before the Court is a *Motion to Alter or Amend Judgment or in the Alternative Motion for New Trial*[1] filed by Plaintiff, Keith A. Evans ("Evans"). Defendant, East Baton Rouge Parish School Board (the "School Board") filed an *Opposition*.[2] For the reasons set forth below, Evans' *Motion* is DENIED.

I. **BACKGROUND**

Following a three-day jury trial in this employment discrimination matter, the jury returned a verdict in favor of the School Board, concluding that former teacher Evans failed to prove by a preponderance of the evidence that his treatment and termination were unlawful.[3] Within 28 days of the entry of the *Judgment*,[4] Evans filed the pending *Motion to Alter or Amend Judgment or in the Alternative Motion for New Trial*, and the School Board filed its response.[5]

Evans argues that an amendment to the judgment or, in the alternative, a new trial is warranted because the great weight of the evidence presented at trial is so

---

[1] Rec. Doc. 106.
[2] Rec. Doc. 107.
[3] Rec. Doc. 103.
[4] Rec. Doc. 104.
[5] Rec. Doc. 106; Rec. Doc. 107.

1

overwhelmingly in his favor that no jury could have rationally concluded that (1) Evans did not give the defendant proper notice of the need for time off from work in the 2017-2018 school year and (2) Evans' mental impairment did not substantially limit a major life activity in the 2017-2018 school year. Notably, despite challenging the weight of the evidence presented at trial, Evans does not cite to a transcript of the proceedings or otherwise present tangible evidence for the Court's review. In opposition to the *Motion*, the School Board argues that the jury's verdict was supported by the great weight of the testimony and evidence presented at trial and cites to various exhibits presented to the jury.

## II.    LAW AND ANALYSIS

### A. Motion to Alter or Amend Judgment

"A Rule 59(e) motion 'calls into question the correctness of a judgment.'"[6] A Rule 59(e) motion "must clearly establish either a manifest error of law or fact or must present newly discovered evidence"[7] and "is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment."[8] "'Manifest error' is one that 'is plain and indisputable, and that amounts to a complete disregard of the controlling law.'"[9] The Fifth Circuit has explained that reconsideration of a judgment after it has been entered under Rule 59(e) "is an extraordinary remedy that should be used sparingly."[10] As this Court has explained,

---

[6] *Templet v. HydroChem Inc.*, 367 F.3d 473, 478 (5th Cir. 2004) (citing *In re Transtexas Gas Corp.*, 303 F.3d 571, 581 (5th Cir. 2002)).
[7] *Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 863 (5th Cir. 2003) (quoting *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990)).
[8] *Templet*, 367 F.3d at 478–9 (citing *Simon*, 891 F.2d at 1159).
[9] *Guy v. Crown Equip. Corp.*, 394 F.3d 320, 325 (5th Cir. 2004) (quoting *Venegas–Hernandez v. Sonolux Records*, 370 F.3d 183, 195 (1st Cir. 2004)).
[10] *Templet*, 367 F.3d at 479 (citing *Clancy v. Employers Health Ins. Co.*, 101 F. Supp. 2d 463, 465 (E.D. La. 2000)).

2

"[w]hile the district courts do have 'considerable discretion in deciding whether to grant or deny a motion to alter a judgment,' denial of Rule 59(e) motions to alter or amend is favored."[11]

Although he submits a "*Motion to Alter or Amend Judgment*," Evans fails to argue or allege any of the above-mentioned grounds.[12] Accordingly, the Court shall deny Evans' *Motion* to the extent he seeks to alter or amend the judgment.

### B. Motion for New Trial

Rule 59(a)(1)(A) of the Federal Rules of Civil Procedure states that a district court "may, on motion, grant a new trial on all or some of the issues . . . after a jury trial, for any reason for which a new trial has heretofore been granted in an action at law in federal court." It is left to the district court's "sound discretion" as to whether it will grant or deny a motion for new trial.[13] Although Rule 59(a) does not list specific grounds for a new trial, the Fifth Circuit has held that a new trial may be granted if "the verdict is against the weight of the evidence, the damages awarded are excessive, the trial was unfair, or prejudicial error was committed in its course."[14] When a party moves for a new trial on evidentiary grounds, the court will not grant a new trial unless "the verdict is against the great weight of the evidence."[15] Ultimately, the court must view the evidence in "a light most favorable to the jury's verdict, and that the verdict must be affirmed unless the evidence points so strongly and overwhelmingly in favor of one party that the court

---

[11] *Brown v. Louisiana State Senate*, No. CIV.A. 11-620-SDD, 2013 WL 5603232, at *1 (M.D. La. Oct. 11, 2013) (quoting *Hale v. Townley*, 45 F.3d 914, 921 (5th Cir. 1995)); *Schilling v. Louisiana Dep't of Transp. & Dev.*, CIV.A. 12-00661-SDD, 2014 WL 5500402, at *1 (M.D. La. Oct. 30, 2014).
[12] *See* Rec. Doc. 106.
[13] *Pryor v. Trane Co.*, 138 F.3d 1024, 1026 (5th Cir. 1998).
[14] *Smith v. Transworld Drilling Co.*, 773 F.2d 610, 613 (5th Cir. 1985) (citations omitted). S*ee also Kohler v. Englade*, 365 F. Supp. 2d 758, 761 (M.D. La. 2005).
[15] *Pryor*, 138 F.3d at 1026.

believes that reasonable persons could not arrive at a contrary conclusion."[16] "Where the jury could have reached a number of different conclusions, all of which would have sufficient support based on the evidence, the jury's findings will be upheld."[17]

Evans contends he is entitled to a new trial because the great weight of the evidence presented at trial was so overwhelmingly in his favor that it could not support the jury's verdict. Specifically, Evans argues that the evidence established that (1) the School Board was given proper notice of Evans' need for time off work during the 2017-2018 school year, and (2) Evans' disability substantially limited a major life activity in the 2017-2018 school year. For the following reasons, however, the Court finds otherwise.

### 1. Notice to the School Board of Evans' Need for Time Off Work

Evans' first argument ultimately turns on a credibility determination. He relies on his own testimony to counter the testimony of the School Board's four witnesses. At trial, Evans testified that he met with Principal Karen Triche during the summer of 2017 to inform her that he would continue to need leave in the upcoming 2017-2018 school year for his mental health condition.[18] He testified to having a similar telephone conversation over the summer with the Supervisor of Personnel Management, Certification, and Staffing for High Schools at the time, Ms. Daphne Donaldson.[19] Evans also argues that if the jury had determined that notice was provided, the jury would have also found in his

---

[16] *Dawson v. Wal-Mart Stores, Inc.*, 978 F.2d 205, 208 (5th Cir. 1992) (citing *Jones v. Wal-Mart Stores, Inc.*, 870 F.2d 982, 987 (5th Cir. 1989)).
[17] *Id.*
[18] Rec. Doc. 106-1, p. 4. The Court notes that arguments contained in briefs and made by counsel are not evidence. D.*A. ex rel. Latasha A. v. Houston Indep. Sch. Dist.*, 629 F.3d 450, 457 (5th Cir. 2010). Nevertheless, for the sake of this *Ruling*, the Court will rely on the assertions of the parties and on the Court's own recollection of the events that took place at trial.
[19] *Id.*

favor regarding the School Board's liability for terminating his employment in violation of the FMLA.[20]

The School Board's four witnesses, including former Principal Triche and Ms. Donaldson, testified to exchanging emails, holding telephone conversations, and attending meetings with Evans during the summer of 2017 through the beginning of the 2017-2018 school year. However, the witnesses testified that Evans never mentioned FMLA leave or a disability accommodation. Instead, they claimed that Evans merely expressed his unhappiness about his reassignment from a Special Education Inclusion teacher to a Social Studies teacher.[21]

Evans contends that his own conflicting testimony should be given greater weight than that of the witnesses. He is essentially dissatisfied with the jury's weighing of evidence and determination of witness credibility. However, the Fifth Circuit has stated that these are not valid grounds upon which to grant a new trial or alter a judgment.[22]

Evans also provided evidence of a computer printout from August 3, 2017 showing approval of his sick leave for August 9 to August 16, 2017.[23] However, this was merely an internal record of sick leave taken, and it fails to support Evans' statement that he informed anyone of his need for FMLA leave.

For these reasons, Evans has failed to meet his burden of showing that the verdict regarding his failure to notify the School Board was against the great weight of the evidence at trial. Based on the evidence presented, the jury could have reached a number of different conclusions about whether Evans provided sufficient notice to the School

---

[20] Rec. Doc. 106-1, p. 6.
[21] *Id.*
[22] *Bovie-Clark v. Sentry Select Ins. Co.*, 568 F. App'x 312, 313 (5th Cir. 2014) (unpublished).
[23] Rec. Doc. 101, Pla-6.

Board. Accordingly, Evans has failed to prove that the overwhelming weight of the evidence would support a finding in his favor or that a new trial is warranted.

### 2. Disability Substantially Limiting a Major Life Activity

As for Evans' second argument, the evidence presented at trial supported the jury's verdict finding that Evans' disability did not substantially limit a major life activity in the 2017-2018 school year. Evans' claim that, "had the jury properly rendered a finding that plaintiff suffered from a mental impairment that substantially affected a major life activity . . . the jury also would have more likely than not rendered findings that the defendant failed to accommodate his disability," is also unsubstantiated.

The jury was instructed to consider whether Evans's "impairment substantially limits his ability to care for himself, sleep, learn, read, concentrate, think, communicate, or work" and to "compare [his] ability to perform these activities with that of the average person."[24] While Evans claims the testimony of his physician established that his mental impairment had a negative effect on his ability to sleep, concentrate, and work at school, Evans is essentially hinging his argument on another credibility determination. Although the testimony of Evans' physician addresses negative effects of his condition, given the evidence, the jury could have concluded either way regarding whether those effects were *substantial* compared to an average person. Evans cites to no further evidence to prove that the jury's verdict was against the great weight of the evidence.

Additionally, Evans' testimony at trial conflicted with that of the School Board's four witnesses regarding whether Evans told administrators that that he needed a transfer or

---

[24] Rec. Doc. 106-1, p. 7.

reassignment as an accommodation for disability or due to stress and anxiety.[25] Evans failed to prove that the overwhelming weight of the evidence would support a finding in his favor for a new trial. Accordingly, Evans' motion for new trial shall be denied.

### III. CONCLUSION

For the reasons set forth above, Plaintiff Keith Evans' *Motion to Alter or Amend Judgment or in the Alternative Motion for New Trial*[26] is hereby DENIED.

**IT IS SO ORDERED.**

Signed in Baton Rouge, Louisiana on October 25, 2023.

*[signature]*

**CHIEF JUDGE SHELLY D. DICK
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**

---

[25] Rec. Doc. 101, Joint-5, 6-23-2017 correspondence regarding reassignment; Def-15, June 28, 2017-July 10, 2017 emails regarding reassignment; Joint-8, letter of confirmation re 8-18-17 meeting.
[26] Rec. Doc. 106.